## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

ENRIQUE TURNER,                  )
TDCJ No. 1513920,                )
          Plaintiff,        )
                         )        Civil No. 7:12-CV-081-KA
v.                               )
                         )
TERESA HASKINS,                  )
          Defendant.        )

## MEMORANDUM OPINION AND ORDER

Came on this day to be considered Defendant's Motion for Summary Judgment and Plaintiff's response thereto, and the Court finds and orders as follows:

This is an action brought pursuant to 42 U.S.C. § 1983 by an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. Plaintiff claims that, on November 8, 2011, Defendant Haskins used excessive and unnecessary force against him when she sprayed him in the face with a chemical agent in a malicious and sadistic effort to cause harm. Attachment to Complaint p. 1. In her motion for summary judgment, Haskins seeks dismissal of the case for Plaintiff's failure to exhaust his administrative remedies prior to filing suit.

42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1995 ("PLRA"), provides:

> No action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or

some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Even where an inmate seeks monetary damages, which may not be available through prison grievance proceedings, exhaustion is a prerequisite to filing suit. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). When a prisoner fails to exhaust his administrative remedies without any valid excuse, a court may enter judgment as a matter of law. *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998).

The Texas Department of Criminal Justice provides a formal two-step procedure under which inmates must present their grievances in order to exhaust administrative remedies. *Id.* at 890-91. Step 1 requires the prisoner to submit an administrative grievance at the institutional level. *Id.* After an investigation, the unit grievance investigator prepares a report and makes a recommendation to the final decision maker for Step 1 of the process, which may be the warden, facility administrator or health administrator. *Id.* Step 2 permits the prisoner to submit an appeal to the division grievance investigator with the Correctional Institutions Division of the TDCJ. *Id.* After an investigation, the department grievance investigator prepares a report and makes a recommendation to the final decision maker for Step 2 of the process, which is the director, deputy director, regional director, or assistant director. *Id.*

The Fifth Circuit Court of Appeals has adopted a strict approach to the exhaustion requirement. *See Ferrington v. La. Dep't of Corrections*, 315 F.3d 529, 532 (5th Cir. 2002) (finding that blindness did not excuse the plaintiff from exhausting administrative remedies); *Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir. 2001) (affirming dismissal for failure to exhaust because the inmate "incorrectly filed an administrative appeal rather than a disciplinary appeal"); *Parker v.*

*Adjetey*, No. 03-40787, 2004 WL 330866 *1 (5th Cir. Feb. 20, 2004) (rejecting a claim of exhaustion based on an inmate's coma because, after he recovered, he made no attempt to file a grievance). The Fifth Circuit has held that the exhaustion of administrative remedies through the TDCJ prison grievance system is necessary in order to give officials a fair opportunity to address a problem that will later form the basis of a lawsuit. *Johnson v. Johnson*, 385 F.3d 503, 516-17 (5th Cir. 2004).

In the instant case, Defendant Haskins has provided verified copies of TDCJ grievances filed by Plaintiff from September 2011 through July 2012. Defendant's Exhibit A, p. 1, Business Records Affidavit of Sandra K. Murphy. The records do not show that Plaintiff filed a timely grievance in which he complained of the events at issue in this lawsuit.

In response to Haskins' motion for summary judgment, Plaintiff states that he submitted a timely grievance regarding the use of force and that the grievance "vanished." In support of his statement, Plaintiff has submitted a copy of the grievance he claims to have filed. Plaintiff's Exhibit F. Plaintiff's argument appears to be that his effort to exhaust administrative remedies was thwarted by TDCJ officials. *See* Plaintiff's Opposition to Defendant's Motion for Summary Judgment p. 2. "A prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed and the state's time for responding thereto has expired. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999) (citing *Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir.1998)).

Summary judgment is proper when the pleadings and evidence illustrate that no genuine issue exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Slaughter v. Southern Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are genuine if "the evidence is such that a reasonable jury could return a

-3-

verdict for the nonmoving party." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Substantive law provides that an issue is "material" if it involves a fact that might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248; *Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994). The nonmovant is not required to respond to the motion until the movant properly supports his motion with competent evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). However, once the movant has carried his burden of proof, the nonmovant may not sit idly by and wait for trial. *Page v. DeLaune*, 837 F.2d 233, 239 (5th Cir. 1988).

When a movant carries his initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment is inappropriate. *Celotex*, 477 U.S. at 322-24; *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden," *Douglass*, 79 F.3d at 1429, as "the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Merely colorable evidence or evidence not significantly probative, however, will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 249-50. Furthermore, a mere scintilla of evidence will not defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

-4-

Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). In addition, factual controversies are resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the Court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In making its determination on the motion, the Court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). However, "the [Court's] function is not [ ] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511. The movant's motion for summary judgment will be granted if he meets his burden and the nonmovant fails to make the requisite showing that a genuine issue exists as to any material fact. Fed. R. Civ. P. 56(e)(2).

The summary judgment evidence presented in this case establishes that there is a genuine issue of material fact as to whether Plaintiff submitted a timely grievance such that he is deemed to have exhausted his administrative remedies.

For the foregoing reasons and in light of the summary judgment evidence submitted, Defendants' Motion for Summary Judgment on the issue of exhaustion is DENIED.

Defendants will be afforded an opportunity to submit a motion for summary judgment on the merits of this case prior to trial.

Copies of this Memorandum Opinion and Order shall be transmitted to Plaintiff and to Counsel for Defendants.

It is **SO ORDERED** this 8th  day of May, 2013.

Robert K. Roach
UNITED STATES MAGISTRATE JUDGE